# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

RICHMOND, FREDERICKSBURG & POTOMAC R. R. Co. v. KNOPFFS.

JUNE 19th, 1890.

1. EMINENT DOMAIN—*Charter*—*Condemnation of lands.*—Where charter provides only for the cutting, taking and carrying away of any wood, stone, gravel or earth which may be deemed necessary for a railroad company, proceedings to condemn the land, out and out, are unauthorized and illegal.
2. APPELLATE COURT—*Jurisdiction.*—Where the amount allowed for compensation for land taken is less than $500, this court hath not jurisdiction to review the judgment of the court below.

Appeal from decision of circuit court of Caroline county refusing an appeal from the decree of the county court of said county, rendered March 20th, 1889, in the proceedings instituted before a justice of the peace of said county by the Richmond, Fredericksburg & Potomac railroad company to condemn certain lands belonging to C. E. Knopff, O. G. Knopff and M. M. Knopff, containing gravel and other materials required by said company for the repair of its railroad. Opinion states the case.

*A. B. Chandler*, for the appellants.

*Wallace & Little*, for the appellee.

RICHARDSON, J., delivered the opinion of the court.

This was a proceeding instituted before a justice of the peace of Caroline county by the Richmond, Fredericksburg and Potomac railroad company to have condemned certain lands, the property of C. E. Knopff, O. G. Knopff and M. M. Knopff, containing gravel and other material required by said company for repairs, &c., to their road.

The proceeding was commenced by the following notice to the owners of said land:

"To C. E. Knopff, O. G. Knopff and M. M. Knopff:

"Gentlemen:—Take notice that we shall apply to John G. Rowe, a justice of the peace for the county of Caroline at Bowling Green, on Thursday, the 17th day of January, 1889, to appoint three impartial, intelligent, disinterested freeholders to ascertain the compensation, upon their own view of the grounds, which we shall pay you for five acres of land required by us for purpose of repairs, &c., to our road. Said land embraces five acres, and is a portion of a ten-acre tract owned by you on the west side of our railroad below Milford depot and the lands owned by Tiffany and Richard Coleman, and is embraced within the figures to a rough plot of same at head of this notice—A, B, C, D—extending along our road-bed and land 1,389 feet and running back 200 feet from our land in a perpendicular line, and extending 789 feet from B to C, the whole containing five acres. You will find large stobs buried in the ground at A, B, C and D, which will show you, upon inspection, the said five acres of land we require. This notice is given in accordance with the provisions of sec. 21 of the charter of our company, passed by the legislature of Virginia, February 25th, 1834, as amended by an act passed March 17th, 1843. See Acts 1842–3, chapter 105, page 73.

"Respectfully,

"The Richmond, Fredericksurg & Potomac R. R. Co.,

"By counsel, A. B. Chandler."

On this notice was endorsed the following return:

"Executed January 7th, 1889, by delivering a copy of the

within to C. E. Knopff, and reading and explaining same to O. G. Knopff and M. M. Knopff.

> "J. W. COLLAWN,
> " Sheriff of Caroline County, Va."

On the day appointed in the notice, (January 17th, 1889,) the viewers were appointed by the justice, as follows:

"Bowling Green, Caroline County, to-wit:

"In pursuance of the annexed notice, I do hereby appoint John W. Woolfolk, John L. White and William H. Ball, freeholders, who shall meet upon the ground on the 29th day of January, 1889, and, upon their own view of the ground set set forth in the notice, adjudge and say what will be a fair compensation to the said C. E. Knopff, O. G. Knopff and M. Knopff for the five acres of land required as set forth in the said notice by the Richmond, Fredericksburg and Potomac railroad company.

> "JOHN G. ROWE, J. P.

"Jan'y 17th, 1889."

The following is a copy of the oath administered to said viewers:

" Caroline County, to-wit:

" I, John G. Rowe, a justice of the peace for said county, do certify that John W. Woolfolk, John L. White and William H. Ball have this day made oath before me that they will faithfully and impartially ascertain what will be a just compensation for such of the land of the freehold whereof C. E. Knopff, O. G. Knopff and M. M. Knopff are tenants and owners in fee simple, as is proposed to be taken by the Richmond, Frede-ricksburg & Potomac railroad company, in pursuance of the within notice, for their purposes, and will truly certify the same.

" Given under my hand this 29th day of January, 1889.

> "JOHN G. ROWE, J. P."

The following is a copy of the award made by the viewers, as hereinbefore named:

"We, the undersigned, appointed by the annexed order of John G. Rowe, a justice of the peace for Caroline county, having this 29th day of January, 1889, met on the land of C. E. Knopff, O. G. Knopff and M. M. Knopff, set forth in the annexed notice, and having viewed the same, and having heard evidence introduced on behalf of the Richmond, Fredericksburg & Potomac railroad company, and on behalf of the said C. E., O. G. and M. M. Knopff, do ascertain that the compensation which the said railroad company shall pay for the gravel included in the survey attached to the notice, being 4½ acres, to be sixty-six and two-thirds dollars per acre.

"John W. Woolfolk.

"John L. White.

"Wm. H. Ball."

The following is endorsed on the award:

"An appeal taken to the county court of Caroline.
(Signed)          "C. E., O. G. and M. M. Knopff,

"The Defendants.

"John W. Woolfolk.

"John L. White.

"Wm. H. Ball."

The appeal having been thus taken, the following proceedings appear to have been had in said county court:

"And now at this day, to-wit: At a county court held for the county of Caroline, at the courthouse thereof, on the 20th day of March, 1889, that being the same day and year as herein first mentioned:

"Richmond, Fredericksburg & Potomac Railroad Company *vs.* C. E. Knopff, O. G. Knopff and M. M. Knopff:

"Upon an appeal upon the part of the defendants from an award made by John W. Woolfolk, Wm. H. Ball and John L. White, freeholders and commissioners appointed by John G.

Rowe, a justice of the peace for Caroline county, on the application of said company, to assess damages, &c., for taking certain land of the defendants.

"This day came the parties by their attorneys, and the defendants moved the court to quash the proceedings and award, because the notice upon which the award was made sets forth the purposes to be for the condemning land to be hereafter taken, and specifying that it is a motion and proceeding under the 21st section of the charter of said company, and the award of the commissioners assessed damages in taking gravel from four and a half acres of the land mentioned; whereupon the court sustains said motion to quash, and doth order that said proceedings be dismissed."

At the hearing of said motion before the county court, the said C. E., O. G. and M. M. Knopff, to support same, introduced one witness, W. H. Ball, one of the said commissioners, and proved by him that said commissioners in assessing the damages in said cause only took into consideration prospective damages, and not any past damages, and introduced no other parol evidence. To the introduction of said witness for such purpose only, the Richmond, Fredericksburg and Potomac railroad company objected, but the court overruled the objection and admitted said evidence, and then, after hearing argument on both sides, sustained said motion and dismissed said proceedings. To which ruling and judgment of the court the said railroad company excepted; and thereupon said company presented its petition to the judge of the circuit court of said county for a writ of error, which was refused, and thereupon said railroad company applied to, and obtained from one of the judges of this court a writ of error and *supersedeas* to said judgment.

In the notice by which this proceeding was instituted, in the order made by the justice appointing the commissioners, and in the oath administered by the justice to said commissioners, it distinctly appears that the proceeding was to condemn land,

and not to ascertain a fair and reasonable compensation to be paid to the land owners for material theretofore taken from such land, as provided by said twenty-first section of said company's charter act, amended as aforesaid. In other words, section 21 of the company's charter, amended as aforesaid, does not provide for condemning land, nor for ascertaining compensation for taking material from the lands of others in anticipation of the actual taking thereof, but in view of exigencies likely to arise either in the construction or after repairs of its road, authorized said company, under certain restrictions named, to "enter upon any convenient lands, and to cut, quarry, dig, take and carry away therefrom, any wood, stone, gravel, or earth, which might be deemed necessary, &c. And said section provides that for all material thus taken, and for incidental injuries done to enclosures, crops, woods or grounds, in taking or carrying away the same, the president and directors shall make to the owner a fair and reasonable compensation, to be ascertained, if the parties cannot agree, by any three impartial, intelligent and disinterested freeholders, who being appointed for that purpose by any justice of the peace, thereto required by either of the parties, shall be sworn by said justice, and shall then ascertain, &c., the statute giving to either party the right of appeal to the county court, &c.

This proceeding was instituted to condemn, out and out, land containing gravel, &c., needed for repair of its road by said company, when the act simply authorized the taking of such material, and the compensation to be afterward ascertained as provided thereby. In other words, the company undertook to do what was not authorized by its charter; and hence the proceeding was properly dismissed on appeal by the county court; and so, too, the judge of the circuit court properly refused the writ of error.

It has been deemed proper to say this much on the merits in order that like mistakes may be avoided in any future proceeding under the same section of the company's charter. The case must, however, go off upon a jurisdictional question.

The only matter in controversy is the amount of compensation ascertained, which is only $300, whereas by the constitution of Virginia (article 6, section 2) this court is denied jurisdiction in civil cases where the matter in controversy, exclusive of costs, is less in value or amount than $500, except in certain cases therein mentioned; and it cannot be pretended that this case comes within either of the enumerated exceptions. Nor can it be said that jurisdiction is conferred by any provision contained in section 3455, Code of 1887. The writ of error must, therefore, be dismissed as having been improvidently allowed.

Appeal dismissed.